UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR CHAIDEZ,<br><br>           Plaintiff,<br><br>    v.<br><br>J. VANGILDER, et al.,<br><br>           Defendants. | Case No. 16-cv-01330-HSG (PR)<br><br>**AMENDED ORDER OF SERVICE** |

The order of service entered on May 26, 2016 is vacated and replaced with the following order:

Plaintiff, an inmate at Centinela State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983 against staff at Pelican Bay State Prison ("PBSP"), where he was previously incarcerated. He has been granted leave to proceed in forma pauperis by separate order. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

## DISCUSSION

**A.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

According to the complaint, on June 4, 2015, PBSP correctional officers Vangilder and Vasquez were engaging in unprofessional conduct and "horsing around" with each other, which caused one of them to drop a grenade that discharged a chemical agent near plaintiff's cell. Plaintiff states he felt a severe burning sensation in his skin and eyes when the chemical agent vapors entered his cell. Plaintiff attempted to obtain medical attention, but his pleas for help were ignored by Vangilder and Vasquez.

Plaintiff also alleges that PBSP supervisory officers Cupp, Cuske, Ohland, and Melton knew that the expended grenade dispersed painful chemical vapors, that plaintiff had been exposed to the vapors, that plaintiff had not been decontaminated or given medical attention, that the pod had not been decontaminated, and that there was no air circulating into the pod. Despite this knowledge, Cupp, Cuske, Ohland and Melton did nothing to aid plaintiff.

Liberally construed, plaintiff's complaint states a cognizable Eighth Amendment claim for excessive force as against defendants Vangilder and Vasquez. Plaintiff's complaint also states cognizable Eighth Amendment conditions of confinement claims and deliberate indifference to

serious medical needs claims as against defendants Vangilder, Vasquez, Cupp, Cuske, Ohland and Melton.

Finally, plaintiff alleges that defendants' actions constituted cruel and unusual punishment, in violation of Article I, Section 17 of the California Constitution and violated California tort laws against negligence and against the infliction of mental and emotional distress. The Court has federal supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Therefore, the Court will exercise supplemental jurisdiction over the aforementioned state law claims pursuant to 28 U.S.C. § 1367.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Plaintiff's complaint states cognizable Eighth Amendment claims and supplemental state law claims.

2. Defendants have already been served and have appeared through counsel in this action. The Court will set a dispositive motion briefing schedule by separate order once screening and service is complete in the three cases that have been related to this action, i.e., *Cisneros v. Vangilder, et al.*, No. C 16-0735 HSG (PR); *Falla v. Ducart, et al.*, No. C 16-0869 HSG (PR); and *Manriquez v. Vangilder, et al.*, No. C 16-1320 HSG (PR).

**IT IS SO ORDERED.**

Dated: 11/3/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge